## Atwell v. Atwell

*Frank Eagen,* for plaintiff.
*William Zacharellis,* for defendant.

COTTONE, *J.,* July 24, 1980—This case comes before the court by way of defendant's preliminary objections raising the defense of the Statute of Frauds and requesting more specific pleadings.

The facts briefly stated are as follows: After the intestate death of his wife on January 23, 1979, plaintiff, William Atwell, by operation of law, received sole title to the property located at 806 Main Street, Moosic, Pa. Subsequently, he allegedly entered into an oral agreement with his daughter, Kay Atwell, defendant herein, for the sale of said property. The alleged purchase price was $20,000. Additionally, defendant allegedly agreed to assume the remaining payments on the mortgage.

Pursuant to the alleged oral agreement, plaintiff

conveyed to defendant title to the premises in question. The deed was recorded on February 1, 1979.

It is defendant's position that the alleged oral agreement for the sale of land violates the Statute of Frauds and is, therefore, unenforceable. She also objects to the complaint's failure to allege: (1) that the date on which the purchase price was due; and (2) that she has defaulted on said obligation.

The Statute of Frauds of March 21, 1772, 1 Sm.L. 389, 33 P.S. § 1, provides that an agreement for the sale of land or an interest in land must be in writing. However, as a general rule of law, "once a transfer has been made, the promise to pay the price becomes enforceable though the promise is oral, unless the price is land." Restatement, Contracts, § 193. Moreover, Calamari and Perillo, Law of Contracts, 2d, § 19-15, in their treatise on contracts have found that "[i]t appears to be well settled that if the vendor of the property conveys to the vendee, the oral promise of the vendee is enforceable." Since a perusal of our case law indicates that there is no recent Pennsylvania case on point, we must rely on the aforementioned statements of general principles of law on this issue. Applying said law to the circumstances presented here, we conclude that the Statute of Frauds is inapplicable since the transfer of realty has been completed. In light of the fact that there has been part performance of the oral agreement, we feel that defendant's objection based on this defense is without merit and will be dismissed.

However, we feel that defendant's second objection regarding the sufficiency of plaintiff's pleadings is well taken. In the case at bar, the complaint fails to allege a date for payment of the purchase price or that defendant has, in fact, defaulted on the agreement.

We agree with defendant's argument that, in order for her to defend properly on the alleged oral agreement, such facts as to when payment is due should be more specifically pleaded. By requiring more specificity of this issue, it may ultimately appear that payment is not due until two, three or even 20 years after the conveyance; thus defendant may not, as yet, be in default.

Defendant's preliminary objection regarding the specificity of the pleadings is sustained, and plaintiff is granted leave to amend his complaint on this matter.

## ORDER

Now, this July 24, 1980 defendant's first preliminary objection is dismissed. Defendant's second and third preliminary objections are sustained and plaintiff is allowed 20 days from the date of this order to file an amended complaint in accordance with the foregoing opinion.